**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                           No. 95-5430

PABLO EUGENIO SINISTERRA,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-94-642)

Submitted: March 21, 1996

Decided: April 4, 1996

Before NIEMEYER and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Oliver W. Johnson, III, OLIVER W. JOHNSON, III, P.C., Columbia,
South Carolina, for Appellant. J. Preston Strom, Jr., United States
Attorney, Marvin J. Caughman, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pablo Eugenio Sinisterra, a Columbian citizen and a resident of Texas, entered a guilty plea to one count of possession of cocaine with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1995), 18 U.S.C. § 2 (1988). He appeals his 188-month sentence, contending that the district court clearly erred in finding that he had obstructed justice, USSG § 3C1.1,* and that he had not accepted responsibility for his conduct. USSG § 3E1.1. Sinisterra also argues that the district court clearly erred in considering the statements of two co-conspirators to determine his relevant conduct. We affirm the sentence.

Sinisterra was arrested in August 1994, after Drug Enforcement Administration (DEA) agents learned that a drug courier driving a black and silver Buick Regal with Texas license plates would deliver five to ten kilograms of cocaine to "Pablo" at a hotel in Columbia, South Carolina. They observed Sinisterra take possession of the car at the hotel and drive across town to the home of a family named Rios. Sinisterra was arrested at that point, and he agreed to cooperate. What happened next was disputed at Sinisterra's sentencing hearing.

DEA Agent Albert Watson testified that Sinisterra told him how to open two secret panels on the car, from which 4.8 kilograms of cocaine were recovered. Watson testified that Sinisterra said he was about to deliver two kilograms of the cocaine to William "Red" Lane. Two sham packages were prepared and placed in the hidden compartments. Under surveillance and wearing a transmitter, Sinisterra drove to Lane's house and gave him the sham packages. Lane was arrested and also cooperated. In a later debriefing, Lane disclosed that Sin-

_____

*United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1994).

2

isterra had sold half a kilogram of cocaine to him in 1993 and also came to South Carolina from Texas several times during the summer of 1994 to sell him a total of 8 kilograms of cocaine in addition to the 4.8 kilograms seized on August 27, 1994.

Watson testified that Lane's account was corroborated by Vonda Ponce, the courier who told investigators Sinisterra hired her several times in the summer of 1994 to drive the Buick loaded with drugs from Texas to South Carolina. She reported that when she was unable to make one trip because of illness, Sinisterra and his wife drove the drugs to Columbia in a Toyota. Based on the information received from Lane and Ponce, the probation officer recommended that Sinisterra was responsible for more than 5 kilograms of cocaine, which made his offense level 32 (5-15 kilograms of cocaine). USSG § 2D1.1.

Sinisterra's sentencing was continued twice. At the last hearing, he represented that he would for the first time reveal fully his role in the cocaine conspiracy. Sinisterra then testified that he was only marginally involved in the cocaine conspiracy because he happened to know the conspirators and that the first time he had delivered drugs to Lane was the day of his arrest. He denied telling the agents how to open the secret compartments in the Buick and said he took two kilograms to Lane because the agents told him to do it. He denied knowing where Lane lived or driving to South Carolina with his wife in August 1994. Sinisterra had apparently represented at an earlier hearing that his wife had never been in South Carolina. When confronted at the last sentencing hearing with confirmation from Mrs. Rios that his wife had been there, Sinisterra testified that his wife had flown to Columbia and driven back to Texas with him. Ultimately, the district court found that Sinisterra's testimony directly contradicted the agent's account of events on the day of his arrest and that Sinisterra had willfully given false testimony concerning material matters in order to reduce the amount of cocaine for which he would be held responsible. The court also found that Lane's information was corroborated to some extent by Ponce's statement and was, therefore, more credible than Sinisterra's testimony. The court enhanced Sinisterra's sentence for obstruction of justice, USSG § 3C1.1, and denied him an adjustment for acceptance of responsibility. USSG§ 3E1.1.

3

Sinisterra claims on appeal that the district court's findings on obstruction of justice and acceptance of responsibility were clearly erroneous because he was denied an opportunity to defend himself against the allegation of perjury, because he gave no material misinformation, and because Lane was an unreliable source of information. On the facts presented, we find no fault with the district court's determinations. Sinisterra's attorney argued at sentencing that his client had not perjured himself. However, his testimony was exculpatory and conflicted with other information from various sources which was before the court. Last, the court based its finding principally on its determination that Sinisterra was less credible than Agent Watson.

The district court was permitted to consider the hearsay evidence provided by Lane and Ponce provided there was some indicia of reliability. United States v. Hicks, 948 F.2d 877, 883 (4th Cir. 1991). Because both Lane and Ponce independently described prior deliveries of drugs to South Carolina by Sinisterra, they corroborated each other and the district court did not err in considering the information they provided.

The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4